### FRANK v. WOLFF et al.

(Supreme Court, Appellate Term. November 11, 1910.)

1. BILLS AND NOTES (§ 347*)—BONA FIDE HOLDER.

In order to constitute a person a bona fide holder for value of a negotiable instrument, it must have been delivered to him before maturity.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 870–879; Dec. Dig. § 347.*]

2. BILLS AND NOTES (§ 332*)—BONA FIDE HOLDER—NOTICE.

Where the indorsee of a check knew when he took it that the bank had refused payment four times, the defense of failure of consideration was good as against him, though the indorser told him that payment had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been refused because of lack of funds and that the maker had promised to make a sufficient deposit.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 805; Dec. Dig. § 332.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Solon L. Frank against Jules Wolff and others. From a judgment in favor of plaintiff, defendant Elias L. Wieser appeals. Reversed.

See, also, 123 N. Y. Supp. 1116.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Charles H. Herbst (Benjamin B. Greller, of counsel), for appellant. Jacob Levy (Jacob Langsam, of counsel), for respondent.

PAGE, J. This action was brought by the indorsee of a check made by the defendant Wieser to the order of Wolff Bros. for $225, dated November 4, 1909, and by them indorsed in blank. Beneath their indorsement there are the following: "Paid. Indorsement guaranteed. Fifth National Bank"—stamped four times, and in each instance canceled, and then, "Pay to the Fifth National Bank or order," with the name of indorser stricken out with heavy black ink. Then follows the plaintiff's indorsement. On the face of the check, "short" is written with a lead pencil.

The defendant Wieser attempted to show a failure of consideration for which the check was given. The learned justice below held the plaintiff was a bona fide holder for value without notice, and hence defenses as between the original parties to the instrument were not available to the defendant in this case. In order to constitute a person a bona fide holder for value of a negotiable instrument, it must have been delivered to him before maturity. The check in this case was an inland bill of exchange drawn by defendant Wieser on his bank and payable on demand. Before it was indorsed to the plaintiff, it had been presented to the bank and payment demanded four times. That plaintiff had actual notice that the check had been presented and payment refused was admitted. He took it, therefore, knowing it to be past due. "It is universally held that the effect of a transfer after the maturity of the paper is to subject the indorsee to all defenses existing between the original parties to the paper at the time of such transfer, so far as such defenses are available against his indorser." 7 Cyc. 820.

The learned justice in the lower court seems to have been misled by the specious argument of plaintiff's counsel that because Wolff Bros. told plaintiff that the payment was refused because Wieser's account was "short," and that he had promised to make a deposit to make the check good, and after such assurance plaintiff took the check and paid cash for it, he thereby became a bona fide holder. The fallacy of this argument is seen at a glance. The plaintiff admits thereby that there was sufficient to give him notice that the check had not been paid, although payment had been demand-

ed.   This put him on inquiry as to the reason of the refusal, and he should have inquired of the defendant Wieser.   The statement of the indorser may make him liable in fraud; but it in no way binds or estops the maker from setting up any defense he may have to the action upon the check.

Judgment, as against the defendant Wieser, must be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.